IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHELLE RENEE LYNCHARD                                                      PLAINTIFF

vs.                                        Civil No. 6:14-cv-06112

CAROLYN W. COLVIN                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michelle Renee Lynchard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed her disability applications on April 6, 2012.  (Tr. 11, 119-126).  In her applications, Plaintiff alleges being disabled due to stage 1 non-Hodgkin's lymphoma.  (Tr. 178). Plaintiff alleges an onset date of March 1, 2012.  (Tr. 11).  These applications were denied initially and again upon reconsideration.  (Tr. 63-68).  Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (Tr. 82-86).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

On May 6, 2013, the ALJ held an administrative hearing on Plaintiff's applications in Hot Springs, Arkansas. (Tr. 25-62). Plaintiff was present at this hearing and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 29-30). As for her education, Plaintiff testified she had obtained her GED and completed two years of college. (Tr. 31).

After this hearing, on August 5, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2015. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2012, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: history of coronary artery disease and non-Hodgkin's lymphoma in remission. (Tr. 13-14, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that she can sit six hours in an eight hour workday and stand/and or walk for up to four hours in an eight hour workday. Further, she can occasionally perform climbing, stooping, kneeling, crouching, and crawling.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform. (Tr. 18, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following occupations: (1) payroll clerk (sedentary, semi-skilled) with 140,000 such jobs in the nation and 1,200 such jobs in the local area; and (2) billing and posting clerk (sedentary, semi-skilled) with 220,000 such jobs in the nation and 1,600 such jobs in the local area. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from March 1, 2012 through the date of the ALJ's decision or through August 5, 2013. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On August 18, 2014, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on October 6, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 6, 2014. ECF No. 5. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in finding she did not have impairments that met or equaled the requirements of Listings 13.00, 13.02, 13.03, and 13.05; and (2) the ALJ erred in presenting his hypothetical to the VE. ECF No. 11. In raising these arguments, Plaintiff also claims the ALJ erred in assessing her subjective complaints. *Id.* Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.* (Tr. 15-17). Instead of complying with its requirements, the ALJ did what is *specifically* prohibited by *Polaski* and discounted Plaintiff's subjective complaints solely because they were not supported by her objective medical records:

> *. . . Therefore, in light of the evidence of record, the claimant's treatment provider's assessment, and her signs and symptoms upon examination*, the undersigned finds that the claimant remains capable of performing a range of work consistent with the residual functional capacity assigned herein.

(Tr. 17) (emphasis added).

Indeed, although the ALJ stated his RFC assessment was also supported by Plaintiff's "testimony," the ALJ does not provide any specific testimony that supports his RFC assessment. Even according to the ALJ's own opinion, Plaintiff testified she was "unable to persist or sustain at work tasks" due to her limitations, which included "running eyes, anxiety, joint pain, uncontrolled tremors, headaches, fatigue, confusion, muscle cramping, facial flushing, lack of concentration, nausea, and flu-like symptoms." (Tr. 16).  Such testimony is certainly not consistent with the ALJ's RFC assessment.  Thus, even though the ALJ claims he relied upon Plaintiff's testimony when evaluating her subjective complaints, it is readily apparent the ALJ only based his credibility determination on Plaintiff's medical records.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints because they were not supported by her medical records was improper under *Polaski*.  See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  *Polaski* prohibits this exact practice of evaluating a claimant's RFC based upon the medical evidence alone.  Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

52 and 58.

**ENTERED this 19th day of June 2015.**

                                                            /s/  Barry A. Bryant
                                                            HON. BARRY A. BRYANT
                                                            U. S. MAGISTRATE JUDGE